IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEGESTIN RICHARDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:22-cv-00649-RAH |
| ) | |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION AND ORDER**

**THIS CAUSE** is before the Court on Petitioner Legestin Richards' *pro se* Motion to Vacate under 28 U.S.C. § 2255 which collaterally attacks the convictions and sentence in his underlying criminal case, Case No. 19-cr-00353-RAH. The Government has filed a Response, and Richards has filed a Reply. The Court has carefully considered the Motion, the Response, the Reply, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

On October 23, 2020, Richards was found guilty of two firearm offenses as charged in the superseding indictment—felon in possession of a firearm under 18 U.S.C. § 922(g) (Count 1) and possession of an unregistered firearm under 26 U.S.C. §§ 5841, 5861(d), and 5871 (Count 5). On February 23, 2021, this Court sentenced Richards to 136 months imprisonment followed by three years of supervised release.

Richards appealed his convictions and sentence to the Eleventh Circuit Court of Appeals, which affirmed his convictions on January 26, 2022. Richards did not

challenge the constitutionality of his convictions under the Second Amendment.

On November 7, 2022, Richards timely filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. The Motion raises a single claim: "The Supreme Court's Decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111 (2022), Establishes that the Conduct Underlying Mr. Richards' Conviction on Counts One and Five is Constitutionally Protected by the Second Amendment." (Doc. 1 at 4.) The Government argues that Richards' claim is without merit.

## LEGAL STANDARD

Under Section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under Section 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982). A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "[R]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (cleaned up).

## DISCUSSION

Richards argues that his two firearm convictions are unconstitutional under the Second Amendment following the Supreme Court's decision in *New York State*

*Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). *Bruen* was released after Richards' convictions and sentence were affirmed by the Eleventh Circuit.

    A.    **Section 922(g) Conviction**

Richards first challenges the constitutionality of his § 922(g) conviction under *Bruen* and the Second Amendment. The Eleventh Circuit Court of Appeals has already spoken to this argument on several occasions in published and unpublished opinions and has repeatedly rejected it as to § 922(g) convictions, facially and as applied. *See United States v. Dubois*, 139 F.4th 887, 890, 894 (11th Cir. 2025); *see also United States v. Pierre*, No. 23-11604, 2025 WL 1721074, at *1, *3 (11th Cir. June 20, 2025) (per curiam); *United States v. Hester*, No. 23-11938, 2024 WL 4100901, at *1 (11th Cir. Sept. 6, 2024) (per curiam); *United States v. Young*, No. 23-10464, 2024 WL 3466607, at *1, *9 (11th Cir. July 19, 2024) (per curiam); *United States v. Johnson*, No. 23-11885, 2024 WL 3371414, at *1 (11th Cir. July 11, 2024) (per curiam); *United States v. Sheely*, No. 22-13500, 2024 WL 4003394, at *1 (11th Cir. Aug. 30, 2024) (per curiam).

In these cases, the defendants argued that *Bruen* invalidated their § 922(g) convictions because *Bruen* abrogated *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010), which upheld § 922(g)'s constitutionality under the Second Amendment. In each, the Eleventh Circuit rejected this assertion, stating that *Bruen* did not abrogate *Rozier*, and because *Rozier* bound the court, the defendants' challenges based on the Second Amendment necessarily failed. In short, *Dubois* makes clear that the Eleventh Circuit's holding in *Rozier*—that § 922(g)(1) is constitutional under the Second Amendment—is still the law. *See Dubois*, 139 F.4th at 888–89.

Richards' claim that his § 922(g) conviction is unconstitutional under *Bruen* and the Second Amendment is therefore foreclosed by binding Eleventh Circuit precedent.

### B. NFA Conviction

Richards also raises a *Bruen* challenge to his NFA conviction for being in possession of an unregistered firearm (a 7.62 caliber pistol with a vertical foregrip). Richards claims that under *Bruen*, because firearm registration requirements burden his Second Amendment right to possess firearms and because there is no historical tradition of requiring firearms to be registered, his conviction is unconstitutional. The Eleventh Circuit has not spoken directly to the impact of *Bruen* on firearm registration convictions under 26 U.S.C. § 5861, but this Court sees nothing in *Bruen* that upsets the observation in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that longstanding prohibitions on the possession of certain firearms by certain persons are valid.

Under § 5861(d), it is unlawful for any person to possess a firearm, as defined in 26 U.S.C. § 5845(a)(8) and (f), that is not registered to that person in the National Firearms Registration and Transfer Record. Section 5861 does not involve all firearms, but only "firearms" as defined under § 5845. This class of firearms includes short-barrel shotguns, short-barrel rifles, machineguns, silencers, destructive devices, and "any other weapon." 26 U.S.C. § 5845(a). "Any other weapon" includes a weapon "capable of being concealed on the person from which a shot can be discharged," "a pistol or revolver having a barrel with a smooth bore designed or redesigned to fire a fixed shotgun shell," or a weapon "with combination shotgun and rifle barrels 12 inches or more, less than 18 inches in length, from which only a single discharge can be made . . . without manual reloading." *Id.* § 5845(e).

Under *Heller*, the type of firearms that 26 U.S.C. § 5861(d) regulates do not fall within the ambit of the Second Amendment because they are considered "dangerous and unusual weapons." *Heller*, 554 U.S. at 624–25, 627 (citation omitted). The Supreme Court in *Heller* recognized that because "dangerous and unusual weapons" are "not typically possessed by law-abiding citizens for lawful

4

purposes," these types of firearms are not protected by the Second Amendment. *Id.* at 625, 627.

  *Bruen* does not upset this prior precedent. Far from overruling *Heller*, *Bruen* expanded and clarified the *Heller* analysis. *Bruen*, 597 U.S. at 21–22 (noting that the *Heller* Court did not engage in means-end scrutiny and instead only engaged in a historical analysis). In fact, the *Bruen* Court reiterated *Heller*'s determination that there is a "historical tradition of prohibiting the carrying of dangerous and unusual weapons." *Id*. at 21 (quoting *Heller*, 554 U.S. at 627) (internal quotations omitted). Whatever changes *Bruen* brought to the Second Amendment landscape, the inclusion of dangerous and unusual weapons in the Second Amendment right is not one such change. Possession of dangerous and unusual weapons was excluded from the Second Amendment right before *Bruen*, and their exclusion continues after *Bruen*. *Bruen* did not "decide anything about the kinds of weapons people may possess," nor did it "disturb[] anything that [the Court] said in *Heller* or *McDonald v. Chicago*, 561 U.S. 742 (2020), about restrictions that may be imposed on the possession or carrying of guns." *Id*. at 72 (Alito, J., concurring). While Second Amendment challenges now involve more history-and-tradition analyses, placing a greater emphasis on historical tradition did not jettison the limitation on dangerous and unusual weapons.

  Here, Richards was convicted of illegal possession of an unregistered firearm, i.e., a 7.62 caliber pistol with a vertical foregrip. Because the addition of a foregrip converts the weapon from a pistol, this type of firearm falls within the sweep of the NFA as "any other weapon." *See United States v. Black*, 739 F.3d 931, 936 (6th Cir. 2014) (concluding that a 7.62 pistol with a vertical foregrip is subject to the registration requirements of the NFA). This firearm is "dangerous and unusual" and is of a type not used by "law-abiding citizens for lawful purposes," such as self-defense. *Heller*, 554 U.S. at 625. Further, the underlying conduct in question—

failing to register a certain type of firearm—is not conduct traditionally protected by the Second Amendment and therefore is not impacted by *Bruen*. *See, e.g.*, *United States v. Lightner*, Case No. 8:24-CR-21, 2024 WL 2882237, at *2–3 (M.D. Fla. June 7, 2024). Richards' § 2255 motion therefore fails because § 5861(d) does not infringe on any Second Amendment-protected activity.

## EVIDENTIARY HEARING

Richards is not entitled to an evidentiary hearing because he has not alleged specific facts that, if true, would entitle him to habeas relief. *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 763 (11th Cir. 2010) ("Having alleged no specific facts that, if true, would entitle him to federal habeas relief, [Petitioner] is not entitled to an evidentiary hearing.").

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1) Petitioner Legestin Richards' Motion to Vacate Under 28 U.S.C. § 2255 (doc. 1) is **DENIED**;

2) To the extent Richard seeks a certificate of appealability, the request to proceed on appeal i**s DENIED** because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000); and

3) The Clerk is directed to **CLOSE** this case and mail a copy of this Order to Petitioner at the address of record.

**DONE** and **ORDERED** on this the 29th day of July 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE